Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5685 | **DATE** | 9-24-12 |
| **CASE TITLE** | Jamal Sharif (#A-88447) v. Dr. Imhotep Carter, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#5] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $3.84 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to forward a copy of this order to the Inmate Trust Office at Stateville Correctional Center. However, summonses shall not issue at this time. The Court grants Plaintiff's motion for appointment of counsel [#7] and appoints Steven A. Weiss, Schopf & Weiss LLP, One South Wacker Drive, 28th Floor, Chicago, IL 60606, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel should notify the Court within sixty days if he wishes to proceed with the complaint on file or he intends to file an amended complaint. If counsel is unable to file an amended complaint, he should so inform the Court.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on October 6, 2011, he injured his ankle while playing basketball at Stateville Correctional Center. He further alleges that he was not examined by a doctor until October 14, 2011, for what turned out to be a fractured bone in his ankle. Although Plaintiff's ankle was splinted, he did not receive appropriate care, and it did not heal properly. Ultimately, on January 25, 2012, Plaintiff was told that the ankle would require surgery. To date, he has not received surgery and continues to suffer pain and diminished use of his right foot. Plaintiff alleges that he contacted the Defendants: Warden Marcus Hardy; Assistant Warden Edwards; Dr. Imhotep Carter; Dr. Ronald Shaefer; Health Care Unit Administrator Brown-Reed; Physicians' Assistant Latonya Williams; and Dr. Anthony Dubrick, all of Stateville Correctional Center, and Kevin Halloran, CEO of Wexford Health Sources, the contract medical provider for the Illinois Department of Corrections and informed them of his medical condition and the inability to procure adequate treatment, but continues to suffer ongoing inadequate treatment.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $3.84. The office of inmate accounts at Stateville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the
**(CONTINUED)**

AWL

account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Stateville inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action with respect to deliberate indifference to a serious medical condition. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The Court finds further that Plaintiff has adequately pled a custom and policy of failing to provide adequate medical care to inmates at Stateville against both administrators and the Wexford official, Defendant Halloran.

Due to the nature of Plaintiff's allegations, the Court hereby appoints Steven A. Weiss, Schopf & Weiss LLP, One South Wacker Drive, 28th Floor, Chicago, IL 60606, to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

After investigation, appointed counsel should notify the Court within sixty days if he wishes to proceed with the complaint on file or he intends to file an amended complaint. If counsel is unable to file an amended complaint, he should so inform the Court.